W. H. Stone *v.* W. F. Allen.

## SUPREME COURT—IN BANCO.

### JULY TERM—1875.

*Allen, Ch. J., Harris and Judd, J. J.*

W. H. STONE *vs.* W. F. ALLEN, COLLECTOR GENERAL.

This opinion was rendered by Mr. Justice JUDD as Intermediary Court of Oahu, March 23d, 1874, and was affirmed by the full Court on appeal. It is printed as originally rendered.

APPEALS on points of law can be taken to a Circuit Judge at Chambers, and to the Intermediary Court of Oahu.

The jurisdiction conferred by Sections of the Civil Code, 671 to 675 inclusive, upon the Collector General of Customs, to distribute shares of fines and forfeitures arising from violations of the revenue laws, is not exclusive; but the Courts can be resorted to, after the statute remedy has been exhausted.

This is an action for money had and received, for one-half of a fine imposed by the Police Court of Honolulu for smuggling opium, and for one-half of the proceeds of said opium. It is admitted that the fine and proceeds of the opium are in the hands of the defendant as Collector General, that the plaintiff has, as by law required, presented his sworn claim to the defendant for one-half of said fine and of said proceeds, which claim was disallowed in part; that plaintiff has appealed to the Minister of Finance, who sustained the Collector General's decision; and that thereupon the plaintiff brought his action in the Police Court. The Attorney General appeared for the Collector and plead to the jurisdiction of the Police Court, which plea being sustained, the plaintiff appealed to a Justice of the Supreme Court at Chambers, under the Act of July 13th, 1874.

W. H. Stone *v.* W. F. Allen.

BY THE COURT:

The defendant's counsel has interposed a preliminary objection to my jurisdiction, sitting in place of the Circuit Judge for the Island of Oahu, contending that under the Code and the Act of 1874, appeals from Police or District Courts on points of law can only be made to the Supreme Court in Banco. I am of the opinion that our statutes authorize an appeal on points of law to a Circuit Judge in the other Judicial Circuits, and to a Justice of the Supreme Court at Chambers, on the Island of Oahu.

On the plea to the jurisdiction:

Section 671 of the Civil Code prescribes that fines and forfeitures for violation of the revenue laws shall be paid over to the Collector General of Customs after deducting costs of Court.

Section 672, prescribes how these shall be divided.

Section 674 reads: "Every person having a claim for a share of any such forfeiture, fine or penalty, shall state the same in writing under oath, to the Collector General, within twenty days from the date of the seizure, or from the time the penalty is imposed, otherwise he shall forfeit his claim."

Section 675 reads: "The Collector General shall pay over their shares to the several claimants, according to their legal rights, of which he shall be the judge, subject to an appeal to the Minister of Finance, within ten days after the rendition of the Collector's decision."

The Attorney General contends that as this right to informers for certain shares of fines and forfeitures is conferred by statute, the statute which prescribes that the Collector General shall pay these shares to the claimants according to their legal rights, *of which he shall be the judge*, confers in such matters a special and *exclusive* jurisdiction upon the Collector General.

This case is an important one, and raises, for the first time in this country, the question whether the jurisdiction thus

conferred upon the Collector General ousts the jurisdiction of the established Courts. The amount involved in this case is no criterion of its importance.

What is the right of an informer to a share of a fine? It has uniformly been held to be a legal right. "Whenever a statute gives a right it means a legal right, and the law impliedly gives an appropriate remedy." 1 Chitty's Pr., 26.

It is always a matter of importance to the subject that he know what his legal rights are, and what tribunal will enforce his remedies for them.

It is true that the statute creates the right to a share of the fine, but that statute in terms calls it a "legal right." This right is inchoate at the time of the seizure, but it becomes a vested right upon receipt of the fine or forfeiture by the Collector.

In Jones *vs.* Shore's Executor, 1 Wheaton, 462, where a seizure had been made, but, pending the suit for condemnation, the Collector and Surveyor had died, the Supreme Court of the United States held that the personal representatives of the deceased Collector and Surveyor, and not their successors in office were entitled to that portion of the penalty which was by law to be divided among the revenue officers of the district where the forfeiture occurred.

See also United States *vs.* Morris, 10 Wh., 245, for the position that the right of Custom House officers to shares of penalties becomes absolute and fixed, not at condemnation, but only upon receipt of the money by the Collector, and that the right was liable to be defeated by remission of the forfeiture by the Secretary of the Treasury.

The right of an informer to a share of a fine or forfeiture, being a legal right, the right of action upon it accrues upon the withholding of this share by the Collector.

Section 893 of the Civil Code and the amendment, gives the Police Court jurisdiction "over all (civil) cases where the amount of property in dispute shall not exceed $200."

"The judicial power shall extend to *all cases* of law and equity arising under the Constitution and any law of this Kingdom," &c. Section 819 Civil Code.

The Courts of this Kingdom, then, have jurisdiction in cases brought to recover informers' shares of fines and forfeitures, unless it is clearly ousted by statute. Does the statute have this effect?

The case of Brewer *vs.* Chase, 3 Haw. Rep., 32, settles the law applicable to construction of such statutes as these. It is there decided : "It is a general rule, where the common law prevails, that a statute remedy is merely cumulative, unless the common law remedy is expressly or impliedly repealed."

"But if a statute confers a right and an adequate means of enforcing it, the statute remedy is exclusive, and if the enforcing tribunal is specified, that alone can be resorted to." I also derive this principle from the case, that another tribunal provided for by the statute has merely concurrent jurisdiction, unless there be express words, or words from which it may be implied, that it was intended to be exclusive.

"When a statute gives a remedy in the affirmative, without a negative, expressed or implied, for a matter which was actionable at the common law, the statute remedy is considered as cumulative." Chitty's Pr., 26.

"So if a statute gives a remedy in the affirmative (without a negative expressed or implied) for a matter which was actionable by the common law, the party may sue at the common law." 1 Comyns' Digest, Stat. C.

The various United States revenue statutes have words like the following, in describing who shall distribute the shares to informers : "The Secretary of the Treasury shall determine whether any claimant is entitled to such share," &c.

"The Collector shall pay over and distribute the same, without delay, according to law," &c. Act of Congress, 2d March, 1799, Sec. 89.

These statutes have never been held to oust the courts to their jurisdiction. Vide Brewster *vs.* Gelson, 11 Johns., 390; Lapham *vs.* Almy, 13 Allen, 301; Sawyer *vs.* Steele, 3 Wash. C. C., 464.

But our statute differs from those of the United States in this, that it says that the Collector General *shall be the judge* of the legal rights of the claimants. The statute does not say that he is to be the *only* judge of these rights. I regard these words as giving him no more judicial authority than the similar words in the United States statutes; for a collector in the United States would have to be a judge of the legal rights of the claimants in order to ascertain to whom "he shall pay and distribute" the shares of the fines and forfeitures.

I am not convinced that the words "of which he shall be the judge" are "negative words expressedly or impliedly creating an exclusive jurisdiction" in the Collector General.

If the Collector General should altogether refuse to entertain the claim of an informer, or disallow it in toto, what remedy would the informer have? A mandamus from the Supreme Court would not lie, for the Court could not act directly upon the Collector and control his judgment and discretion. His function in such matters is not purely ministerial, but it is to a great extent judicial, and in all such cases the execution of the duty is not compellable by mandamus. Decatur *vs.* Paulding, 10 Peters, 497; Brashear *vs.* Mason, 6 Howard, 92.

The statute itself makes no provision for an appeal from the Minister of Finance to a jury or to the Supreme Court in Banco, and if the jurisdiction of the Collector General is exclusive, a claimant has no remedy beyond an appeal to the Minister of Finance.

Even if I should be satisfied that the Legislature intended to give the Collector General exclusive jurisdiction over claims of these informers, they certainly have not given him

sufficient power to make his court adequate for the enforcement of these rights, for the law gives the Collector no power to summon parties, to subpœna or swear witnesses, or to punish for contempt, &c. A claimant might fail entirely of securing his legal rights by his inability to secure the attendance of an unwilling witness before the Collector.

In deciding that the jurisdiction of the Police Court is concurrent with that of the Collector General in such cases, I also hold that, before a claimant can resort to the courts, he must pursue the statute strictly and exhaust his remedy under it. Heuderbourck *vs.* Langton, 10 B. and C., 547; Shaw *vs.* Grinnell, 9 Blatchford, 471.

Plea to the jurisdiction overruled and case remanded to the Police Court of Honolulu for trial.

A. S. Hartwell for plaintiff.
Attorney General R. H. Stanley for defendant.